## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JAMES COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-19-CV-386 |
| | § | |
| HEALTH CARE SERVICE CORPORATION | § | |
| d/b/a BLUE CROSS & BLUE SHIELD OF | § | |
| TEXAS, | § | |
| | § | |
| Defendant. | § | |

## *PLAINTIFF'S ORIGINAL COMPLAINT*

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW, JAMES COCHRAN,** Plaintiff herein, and files this, his Original Complaint, and, in support thereof, would respectfully show unto the Court as follows:

### I.

### PARTIES

1. **JAMES COCHRAN** is an individual residing in the Eastern District of Texas.

2. **HEALTHCARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS** ("**BLUE CROSS**") is a foreign corporation with its principal place of business located in Chicago, Illinois. It may be served by delivering this Complaint and the Court's summons to the president of its Texas operations, Mr. Dan McCoy at 1001 East Lookout Drive, Richardson, Texas 75082.

## II.

## JURISDICTION & VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 (West 2019) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this Court in that all or a substantial portion of the facts giving rise to Plaintiff's claims occurred in the Eastern District of Texas. Specifically, the accident made the basis of this suit, the issuance of the policy in question and the violation of the agreement all occurred in the Eastern District of Texas.

## III.

## FACTUAL BACKGROUND

5. On September 7, 2017, **JAMES COCHRAN** sustained serious and permanently disabling injuries in a farm accident which occurred in the Eastern District of Texas (the "Accident").

6. As a result of the Accident, physicians amputated **JAMES COCHRAN's** left hand.

7. In February of 2018, **JAMES COCHRAN's** primary care physician prescribed a partial hand prosthesis to increase his productivity and quality of life.

8. **JAMES COCHRAN's** primary care physician specifically concluded that the prescribed prosthetic appliance was medically necessary.

9. The estimated cost of the prescribed appliance was $79,104.00.

10. At the time **JAMES COCHRAN's** primary care physician prescribed the prosthetic appliance, **JAMES COCHRAN** was insured against reasonable and necessary expenses incurred for health care by a policy of health insurance he purchased from **BLUE CROSS.**

11. The Policy specifically provided coverage for prosthetic appliances prescribed or arranged by his primary care physician.

12. Despite presentation and demand, **BLUE CROSS** failed and refused to approve payment for the prescribed prosthetic appliance.

13. **JAMES COCHRAN** exhausted his administrative remedies under the Policy and satisfied all conditions precedent to the filing of this action.

## VII.

## CAUSES OF ACTION

### A.

### BREACH OF CONTRACT

14. **JAMES COCHRAN** would show the Court that **BLUE CROSS** failed to comply with the terms of the parties' agreement.

15. In particular, **JAMES COCHRAN** would show the Court that covenanted to pay the reasonable costs which he incurred for a medically necessary prosthetic appliance.

16. **BLUE CROSS's** failure to comply was a material breach of the agreement which was not excused by any prior, material breach by **JAMES COCHRAN**.

## B.

## *TEXAS INSURANCE CODE*

17. **JAMES COCHRAN** would likewise show the Court that **BLUE CROSS** violated the terms of the Texas Insurance Code.

18. In particular, **JAMES COCHRAN** would show the Court that **BLUE CROSS** carelessly, recklessly and/or knowingly violated the Texas Insurance Code in the following manner(s) —

    (a) Failing to adopt and implement reasonable standards for the prompt investigation of claims;

    (b) Not attempting in good faith to bring about a prompt, fair and equitable settlement of Plaintiff's claim after its liability became reasonably clear;

    (c) Refusing to pay Plaintiff's claim without conducting a reasonable investigation;

    (d) Failing to timely pay Plaintiff's claim.

TEX. INS. CODE. §§ 541.060, 542.003, 542.060 (West 2019).

## VIII.

## *DAMAGES*

19. **JAMES COCHRAN** seeks recovery of the full $79,104.00 which **BLUE CROSS** covenanted to pay for his prosthetic device together with reasonable attorney's fees and all costs of court incurred as a result of **BLUE CROSS's** failure to comply with the terms of the parties' agreement.

20. ***JAMES COCHRAN*** seeks treble damages for knowing violation of the Texas Insurance Code and/or the Texas Deceptive Trade Practices Act and all applicable statutory penalties including the 18% per annum penalty imposed by § 542.060 of the Texas Insurance Code.

***WHEREFORE, PREMISES CONSIDERED***, ***JAMES COCHRAN*** respectfully prays that ***HEALTHCARE SERVICE CORPORATION d/b/a BLUE CROSS & BLUE SHIELD OF TEXAS*** be cited to appear and answer his allegations and that, upon final adjudication it be ordered to pay all damages to which Plaintiff is justly entitled together with reasonable attorney's fees, treble damages, statutory penalties, all costs of court and pre-judgment and post-judgment interest at the legal rate.  ***JAMES COCHRAN*** further prays for such other such other legal or equitable relief to which he may be justly entitled.

Respectfully submitted,

/s/ *James Holmes*

James A. Holmes
Texas Bar No. 00784290

### THE LAW OFFICE OF JAMES HOLMES, P.C.

212 SOUTH MARSHALL
HENDERSON, TEXAS 75654
(903) 657-2800
(903) 657-2855 (fax)
jh@JamesHolmesLaw.com

### ATTORNEY FOR PLAINTIFF

